# IN THE UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | CHAPTER 13 |
| TAMMY L. HOLLAND, ) | |
| ) | CASE NO.: 18-11799 |
| Debtor. ) | |
| ) | |

## DEBTOR'S REQUEST FOR SANCTIONS AGAINST BANK OF AMERICA, AND COUNSEL FOR BANK OF AMERICA

NOW COMES Tammy L. Holland, Debtor in the above-referenced Chapter 13 case, and shows this Court her Request for Sanctions against Bank of America, the law firm of Barrett Daffin Frappier Turner & Engel, and Brandi Lesesne. This Request is being filed separately but concurrently with Debtor's Response to the Objection to Confirmation and Objection to the Proof of Claim of Bank of America, which are the events requiring the imposition of sanctions. In support of this request, Debtor avers the following:

### STATEMENT OF FACTS

1. The Debtor filed this Chapter 13 case on December 19, 2018. Her Chapter 13 plan proposed a payment of $455 a month, for a minimum of 36 months, with unsecured creditors to receive a dividend of 0%/$100.

2. On February 6, 2019, Bank of America filed an objection to confirmation through its counsel, Brandi Lesesne, of the law firm Barrett Daffin Frappier Turner & Engel (hereinafter "BDF"). (Doc 15).

3. Bank of America objected to confirmation of the Debtor's Chapter 13 plan, claiming the Debtor had failed to disclose property located at 2109 Freshly Mill Road (hereinafter "property") in Irmo, South Carolina. The objection further claimed that the Debtor owed Bank of America $201,238.52 and that a secured proof of claim for this amount would be

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

filed shortly after the objection. The objection further stated that Debtor's Chapter 13 plan failed to provide for payments on this loan.

4. The property had originally been owned by the Debtor and her former husband. The Debtor quitclaimed her interest in the property to her ex-husband pursuant as part of their divorce in 2013.

5. The Debtor filed a Chapter 13 bankruptcy in the United States Bankruptcy Court for the district of South Carolina on May 2, 2013, being Case No. 13 – 02609. The Chapter 13 plan in the 2013 case called for the surrender of the Debtor's interest in the subject property to Bank of America.

6. The Debtor later converted her case to a Chapter 7 bankruptcy, and surrendered the subject property pursuant to her statement of intentions. She received a Chapter 7 discharge which included the debt to Bank of America on May 7, 2015.

7. Because the Debtor had no ownership interest in the property at the time the case was filed, and had not transferred it within the two years prior to filing her instant case, she had no present or previous interest in the property to disclose at the time of the filing of her instant Chapter 13 petition.

8. Because the previous debt to Bank of America had been discharged on May 7, 2015, Debtor had no financial obligation which Bank of America could seek to collect from her in this Chapter 13 case. Therefore, there was no debt owed to Bank of America for the Debtor to disclose.

9. Since the Debtor does not own any property which is security for the Bank of America debt, and as the Bank of America debt has been discharged and can no longer be collected, Bank of America has no standing with which to contest the confirmation of the debtor's Chapter 13 plan.

10. Since the Debtor does not own any property which is security for the Bank of America debt, and as the Bank of America debt has been discharged and can no longer be collected, Bank of America has no right to file a proof of claim.

11. Neither Brandi Lesesne nor any other attorney in the specific employ of BDF appeared to prosecute the objection to confirmation at the hearing held on February 11, 2019. Instead ,

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

the representation of Bank of America at the hearing was assigned to local counsel, Nathan Huff.

12. Debtor's counsel met with Nathan Huff on the morning prior to the afternoon hearing and provided him with a copy of the attached email to Brandi Lesesne, as well as a compilation of exhibits to support the various grounds for withdrawal of the objection and the proof of claim.

13. In the period before the confirmation hearing, Nathan Huff performed his own research at his own expense, and obtained a copy of the 2013 quitclaim deed of the subject property from Richland County, South Carolina. As a result, Mr. Huff confirmed that the subject property had been transferred, and the debt discharged, just as Debtor's counsel had maintained in his email to Brandi Lesesne.

14. Debtor's counsel met with Jane Miller, the staff attorney for the Chapter 13 Trustee, prior to the 2:00 session, and was informed that the Debtor's Chapter 13 case could not be confirmed without a significant increase in the monthly payment, because of the Bank of America claim, which was a secured claim that had not been addressed in the plan. Ms. Miller informed counsel that in order to confirm her case that day, the Debtor would have to sign a Trustee's motion to confirm plan in which she agreed to increase her monthly payment in an amount sufficient to comply with the terms of her proposed plan, and pay the Bank of America claim in full over 60 months. Because of noticing requirements, any objection to the proof of claim of Bank of America would have to be resolved at a later date.

15. The confirmation hearing was the last matter conducted at the Court's 2:00 calendar. Jane Miller appeared for the Chapter 13 trustee, and Nathan Huff appeared as local counsel for Bank of America. The Debtor was also present, having taken time off from her employment at AAA Sign Company to be present for the hearing.

16. Ms. Miller informed the Court that the case was confirmable in all other aspects, except for the increase in payment needed to fund the Bank of America claim, if it was allowed.

17. While Mr. Huff stated in open court that he was in agreement that the Bank of America debt had been discharged in the Debtor's 2013 bankruptcy case, and that the subject

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

property had been transferred, he had not been given authority by Bank of America or BDF as local counsel to withdraw the proof of claim.

18. Consequently, the only procedural remedy available to the Debtor was to request a continuance of confirmation, in order to allow her the opportunity to file an objection to the claim of Bank of America.

19. That objection is pending as of the date of the filing of this motion.

## CLAIM FOR SANCTIONS

The allegations set forth in previous Statement of Facts being paragraphs 1 – 19 are reincorporated herein, and the following additional allegations are asserted in support of the Debtor's Claim for Sanctions.

20. Upon receipt of the Objection to Confirmation of Bank of America, Debtor's counsel sent an email to Brandi Lesesne at the email address listed on the objection in which counsel informed her of the transfer of the subject property, and the discharge of the debt to Bank of America by virtue of the bankruptcy case filed in South Carolina in 2013. A copy of that email is attached as Exhibit 1, and incorporated by reference herein.

21. The email specifically requested that Ms. Lesesne "withdraw your objection to confirmation with prejudice, and acknowledge the discharge of your client's debt." The email further warned that if the objection was not withdrawn, or if Bank of America obstructed or delayed the upcoming confirmation of the Debtor's case, that appropriate procedural remedies will be sought.

22. Despite receiving counsel's email and being informed that the debt to Bank of America was discharged, Brandi Lesesne filed a proof of claim two days later on behalf of Bank of America for a "Recorded Mortgage" in the total amount of $200,323.29. (Claim No. 2)

23. The Chapter 13 Trustee filed her own objection to confirmation (Doc. No. 16) based upon the objection filed by Ms. Lesesne, which required a response by Debtor's counsel. The Trustee objection was subsequently withdrawn.

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

24. Ms. Lesesne responded by email to Debtor's counsel after the filling of the proof of claim, but did not offer to withdraw the objection to confirmation or the proof of claim.

25. In affixing her electronic signature to page 3 of the Proof of Claim **after being notified of the discharge of the underlying debt**, Ms. Lesesne acknowledged "I have examined the information in this Proof of Claim and have a reasonable belief that the information is true and correct." Ms. Lesesne's electronic signature further declares "under the penalty of perjury that the foregoing is true and correct." (Claim No. 2)

26. BDF and Brandi Lesesne violated bankruptcy rule 9011(b)(3) by making allegations and other factual contentions in the filing of the Objection to Confirmation and the proof of claim that had no evidentiary or factual support, and *persisted in those allegations* despite being provided specific, undisputed evidence to the contrary.

27. BDF, Brandi Lesesne and Bank of America, both individually and collectively, intentionally violated 11 U.S.C. § 524(a)(2) by seeking collection of a discharged debt from the Debtor.

28. BDF and Brandi Lesesne were specifically warned in the email from Debtor's counsel dated February 6, 2019, that appropriate procedural remedies would be sought for actions which hindered or delayed the confirmation of the Debtor's case.

29. BOA and BDF perpetuated the sanctionable conduct by utilizing local counsel to appear at the hearing, yet giving Mr. Huff no authority to remedy the conduct - despite his own research and statement in open court that Bank of America had no grounds for either the Objection to Confirmation or the filing of the Proof of Claim.

30. The use of local counsel by Bank of America and BDF - without allowing such attorneys to have the independent ability to negotiate, litigate, and accept binding compromises - is in violation of the local rules of the Southern District of Georgia as well as the State Bar of Georgia. Debtor's case is a clear example of the defects in such a relationship, and the reason why appearance of counsel with full and binding negotiating authority is essential to the prompt resolution of disputes, and expeditious handling of bankruptcy cases pending in this district.

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

## PRAYER FOR RELIEF

The Debtor respectfully requests that the following relief be granted by this court:

1) That Bank of America, BDF, and Brandi Lesesne be required to compensate the Debtor for her out-of-pocket expenses and lost wages in having to provide information to respond to the Bank of America objection, and for having to attend any and all unnecessary court appearances due to the filing of the objection and proof of claim;

2) That Bank of America, BDF, and Brandi Lesesne compensate Debtor's counsel, in an hourly rate to be determined by the court, for all time expended with respect to Bank of America in this case;

3) That Bank of America and BDF be required to appear before this Court and explain how their use of local counsel with limited authority is in compliance with the local rules of the Southern District of Georgia and the State Bar of Georgia with respect to appearance of counsel;

4) That sanctions be imposed against Bank of America, BDF, and Brandi Lesesne in an amount sufficient to deter future misconduct, including, but not limited to: collection of a discharged debt in violation of 11 U.S.C. § 524; violations of Bankruptcy Rule 9011, and refusal to adhere to the rules regarding appearance of counsel in the Southern District of Georgia and State of Georgia;

5) Any other relief which this Court deems just and proper.

Respectfully submitted this 13th day of FEBRUARY, 2019.

Zane P. Leiden
Attorney for Debtor
State Bar No.: 445820

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, Georgia 30901
706-724-8548
courtinfo@leidenandleiden.com

## Zane Leiden

| | |
|---|---|
| **From:** | Zane Leiden |
| **Sent:** | Wednesday, February 06, 2019 6:38 PM |
| **To:** | 'GA.SD.ECF@BDFGROUP.COM' |
| **Subject:** | Tammy L. Holland, 18-11799 |

Ms. Lesesne,

I have received the objection to confirmation which you have filed in the above-referenced case. According to the objection, your client intends to file a POC for $201,238.52, and maintains that the Chapter 13 plan fails to address this debt. By way this e-mail, I hope to give you the opportunity to discuss this matter with your client, and reconsider the objection.

My client jointly owned the property at 2109 Freshly Mill Road in Irmo, South Carolina (the "property"), with her ex-husband, Maurice Caldwell. They divorced in 2013, and the final decree required that she quitclaim her half interest in the property to him, which she did. My client has no knowledge as to if that deed was ever filed. Following the divorce, she filed a Chapter 13 bankruptcy in the Columbia Division of the District of South Carolina (Case No. 13-02609) on May 2, 2013, in which she disclosed the subject debt and and proposed to surrender the property in her plan. Bank of America initiated a Non-Jury Mortgage Foreclosure on this property in Richland County on November 22, 2013, presumably because her ex-husband had defaulted on the loan, and also because her plan provided for the surrender of the debt.

My client subsequently converted her Chapter 13 case to a Chapter 7 on January 21, 2015, and filed a statement of intentions in which she surrendered her interest in the property to Bank of America. She received her discharge on May 7, 2015, which included the Bank of America debt. A PACER search will confirm these statements.

As this debt was discharged in Case No. 13-02609, Bank of America has no claim against my client for which a debt can be asserted, or a POC filed. Furthermore, my client has no ownership interest in the property, whether by voluntary transfer or operation of law. By way of this e-mail, I am requesting that you withdraw your objection to confirmation with prejudice, and acknowledge the discharge of your client's debt. I hope that the objection was simply the product of oversight, or poor client communication, and that it can be immediately withdrawn without any prejudice to my client's upcoming confirmation hearing on Monday. But if the objection is not withdrawn, and serves to obstruct or delay the confirmation of my client's case, appropriate procedural remedies will be sought.

I welcome the opportunity to discuss this matter in more detail, especially if your client feels that the objection should be prosecuted.



**LEIDEN & LEIDEN**
———— ATTORNEYS AT LAW ————

Zane P. Leiden
330 Telfair Street
Augusta, GA 30901
(706) 724-8548

1

EXHIBIT 1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## AUGUSTA DIVISION

IN RE: )
)
Tammy L. Holland ) Chapter 13
) Case No.: 18-11799
)

### CERTIFICATE OF SERVICE

I hereby certify that I have this day served upon the following parties a copy of the foregoing **DEBTOR'S REQUEST FOR SANCTIONS AGAINST BANK OF AMERICA, AND COUNSEL FOR BANK OF AMERICA** by First Class Mail placing the same in United States Mail with proper postage affixed thereon to the following addresses:

| Barrett, Daffin, Frappier, Turner & Engel, LLP<br>4004 Belt Line Rd, Ste. 100<br>Addison, TX 75001 | Brandi Lesesne<br>4004 Belt Line Rd, Ste. 100<br>Addison, TX 75001 | Nathan Huff<br>1223 George C Wilson Dr,<br>Augusta, GA 30909 |
|---|---|---|

I hereby certify that I have this day served a copy of the foregoing **DEBTOR'S REQUEST FOR SANCTIONS AGAINST BANK OF AMERICA, AND COUNSEL FOR BANK OF AMERICA** upon the following by electronic filing.

Office of the
Chapter 13 Trustee

Dated: 13th February, 2019.

Bianca Martin

Leiden and Leiden
*A Professional Corporation*
330 Telfair Street
Augusta, GA 30901
706-724-8548
courtinfo@leidenandleiden.com